NUMBER 13-08-00172-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 

 

ELIBORIO CANTU, Appellant,


v.


THE STATE OF TEXAS, Appellee.

 


On appeal from the 105th District Court

of Kleberg County, Texas.

 


MEMORANDUM OPINION


Before Chief Justice Valdez and Justices Yañez and Benavides


Memorandum Opinion by Chief Justice Valdez
 In 2003, appellant, Eliborio Cantu, was indicted for the offense of possession of
more than 50 pounds but less than 2000 pounds of marihuana, a second-degree felony. 
See Tex. Health & Safety Code Ann. § 481.121(a), (b)(5) (Vernon 2003). Cantu entered
into a plea agreement with the State in which he pleaded nolo contendere to the indicted
offense in exchange for a recommendation by the State that he receive deferred
adjudication and be placed on community supervision for five years. See Tex. Code Crim.
Proc. Ann. art. 42.12 (Vernon Supp. 2008). At a hearing on May 3, 2004, the trial court
accepted the plea agreement, deferred adjudication, placed Cantu on community
supervision, and assessed a $5,000 fine. 

 On January 22, 2007, the State moved to revoke Cantu's community supervision
and adjudicate guilt on the grounds that he violated community supervision terms by, inter
alia, committing the offense of possession of marihuana on October 12, 2006. Cantu
answered "true" to several of the allegations made in the motion to revoke. The trial court
granted the State's motion, rendered a judgment of guilt, sentenced Cantu to twenty years'
confinement, ordered the sentence to run concurrently with a six-year federal sentence for
narcotics trafficking, and assessed a $10,000 fine. Cantu's court-appointed appellate
counsel has filed an Anders brief. We affirm.

I. Anders Brief

 Pursuant to Anders v. California, 386 U.S. 738, 744 (1967), Cantu's court-appointed
appellate counsel has filed a brief with this Court, stating that his review of the record
yielded no grounds or error upon which an appeal can be predicated. Although counsel's
brief does not advance any arguable grounds of error, it does present a professional
evaluation of the record demonstrating why there are no arguable grounds to be advanced
on appeal. See In re Schulman, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In
Texas, an Anders brief need not specifically advance 'arguable' points of error if counsel
finds none, but it must provide record references to the facts and procedural history and
set out pertinent legal authorities.") (citing Hawkins v. State, 112 S.W.3d 340, 343-44 (Tex.
App.-Corpus Christi 2003, no pet.)); Stafford v. State, 813 S.W.2d 503, 510 n.3 (Tex.
Crim. App. 1991). 

 In compliance with High v. State, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.]
1978), Cantu's counsel has carefully discussed why, under controlling authority, there are
no errors in the trial court's judgment. Counsel has informed this Court that he has: (1)
examined the record and found no arguable grounds to advance on appeal, (2) served a
copy of the brief and counsel's motion to withdraw on Cantu, and (3) informed Cantu of his
right to review the record and to file a pro se response within thirty days. (1) See Anders, 386
U.S. at 744; Stafford, 813 S.W.2d at 510 n.3; see also In re Schulman, 252 S.W.3d at 409
n.23. More than an adequate period of time has passed, and Cantu has filed a pro se
response in which he argues that his trial counsel provided ineffective assistance. See In
re Schulman, 252 S.W.3d at 409.

II. Independent Review Upon receiving an Anders brief, we must conduct a full examination of all the
proceedings to determine whether the case is wholly frivolous. Penson v. Ohio, 488 U.S.
75, 80 (1988). We have reviewed the entire record, counsel's brief, and Cantu's pro se
response, and we have found nothing that would arguably support an appeal. See
Bledsoe v. State, 178 S.W.3d 824, 826-28 (Tex. Crim. App. 2005) ("Due to the nature of
Anders briefs, by indicating in the opinion that it considered the issues raised in the briefs
and reviewed the record for reversible error but found none, the court of appeals met the
requirement of Texas Rule of Appellate Procedure 47.1."); Stafford, 813 S.W.2d at 509. 
Accordingly, we affirm the judgment of the trial court.


III. Motion to Withdraw

 In accordance with Anders, Cantu's attorney has asked this Court for permission to
withdraw as counsel for appellant. See Anders, 386 U.S. at 744; see also In re Schulman,
252 S.W.3d at 408 n.17 (citing Jeffery v. State, 903 S.W.2d 776, 779-80 (Tex. App.-Dallas
1995, no pet.) (noting that "[i]f an attorney believes the appeal is frivolous, he must
withdraw from representing the appellant. To withdraw from representation, the appointed
attorney must file a motion to withdraw accompanied by a brief showing the appellate court
that the appeal is frivolous.") (citations omitted)). We grant counsel's motion to withdraw. 
Within five days of the date of this Court's opinion, counsel is ordered to send a copy of
the opinion and judgment to Cantu and to advise him of his right to file a petition for
discretionary review. (2) See Tex. R. App. P. 48.4; see also In re Schulman, 252 S.W.3d at
412 n.35; Ex parte Owens, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006). 



 ________________________

 ROGELIO VALDEZ

 Chief Justice 

Do Not Publish. Tex. R. App. P. 47.2(b)

Memorandum Opinion delivered and 

filed this the 2nd day of July, 2009. 
1. The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the
rules of appellate procedure in order to be considered. Rather, the response should identify for the court
those issues which the indigent appellant believes the court should consider in deciding whether the case
presents any meritorious issues." In re Schulman, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting
Wilson v. State, 955 S.W.2d 693, 696-97 (Tex. App.-Waco 1997, no pet.)).
2. No substitute counsel will be appointed. Should appellant wish to seek further review of this case
by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary
review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within
thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this
Court. See Tex. R. App. P. 68.2. Any petition for discretionary review must be filed with this Court, after which
it will be forwarded to the Texas Court of Criminal Appeals. See Tex. R. App. P. 68.3; 68.7. Any petition for
discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate
Procedure. See Tex. R. App. P. 68.4.